HENRY E. LEE, APPELLANT, VS. WHITFIELD WALKER, APPELLEE.

1. The plaintiff built a house for defendant, and the payments therefor were made in checks drawn on a bank. There being a balance due the plaintiff he instituted suit, and at the trial the defendant offered in evidence certain checks, which had never been in plaintiff's possession, upon which defendant claimed to have drawn the money, and that he paid it to plaintiff, which checks were, notwithstanding plaintiff's objection, admitted in evidence by the court: *Held*, That the admission of the checks in evidence was erroneous.

2. Under contract the plaintiff was to furnish all the materials for building and finishing defendant's house, but the defendant, after being warned by the plaintiff not to do so, furnished an employee of plaintiff with paints used on the house being built by the plaintiff for the defendant : *Held*, That the plaintiff was not liable for the paints furnished the employee by the defendant.

Appeal from the Circuit Court for . Duval county.

The facts of the case are stated in the opinion of the court.

*M. C. Jordan*, for Appellant.

MITCHELL, J. : The parties to this suit entered into a contract whereby the appellant agreed to and did erect a dwelling house for the appellee, the consideration to be paid for the same being $3,000.

The contract stipulated that the appellant should furnish the materials, &c., in building the house, and that 75 per cent. of the amount agreed to be paid by the appellee should be paid appellant as the work progressed. And it was further stipulated that if at any time during the progress of the work the appellee desired any alteration or omission from the contract he should be at liberty to do so, and that the same should in no way effect or make void the contract, but would be added or deducted from the amount of the contract, as the case might be, by a fair and reasonable valuation.

The house was completed as per contract, there being $214.85 extra work done thereon. There was no dispute about the completion of the house or the extra work, but when the parties met for a final settlement they disagreed as to the payments which had been made, appellant claiming that there was then due him $827.65, and the appellee averring that he was only due appellant $272.30. Failing to settle, the parties agreed to and did leave their differ-

ences to arbitration, each selecting an arbitrator, and the arbitrators found that appellant was entitled to the amount claimed by him, $827.65. The appellee refused to abide by the award, and thereupon the appellant commenced his action.

The first count of the declaration is upon the contract, and the second for the extra work done on the house, and then follow the common counts for work and labor done, materials furnished by the plaintiff at defendant's request, &c.

In his first plea defendant admits his indebtedness to to plaintiff in $272.30, but as to the residue of plaintiff's claim pleads never indebted.

In the second plea defendant admits that the difference between himself and plaintiff were submitted, in writing, to arbitration, but says " and by the express terms thereof, the two named were to select a third to act with them, and defendant says the pretended award made by them and mentioned by plaintiff in his declaration, was made without the selection of a third person, and defendant was not present during the inquiries made by the said Cooley and Basnett, touching the matters in dispute."

Plaintiff joined issue on both pleas, the issues were submitted to a jury, and the jury found for the plaintiff and assessed his damages at $450. The plaintiff entered his motion for a new trial, which was overruled, and he appealed.

The important question in the case is, did the jury allow the plaintiff all that he was entitled to ?

The plaintiff was paid for the work he did on the hous, in checks drawn by Mrs. Whitfield Walker on the First National Bank of Florida, there being in all thirteen checks, some of which were payable to the plaintiff, or order, or bearer, and some payable to W. & W. S. Walker, or order,

or bearer, for the plaintiff. The plaintiff admits that he received the money on all the checks except three, to-wit: one for $100, dated April 24, 1884, and payable to W. & W. S. Walker, for the plaintiff; one for $300, dated May 10, 1884, and payable to W. & W. S. Walker, for plaintiff, and the other for $100, dated May 11, 1884, and payable to W. & W. S. Walker, for plaintiff.

There is nothing in the testimony to show that any one of these three checks was ever in the possession of the plaintiff, or that he ever had any connection with them in any manner whatever. It cannot be said that this evidence so admitted could not have influenced the jury in arriving at their conclusions; on the contrary, the evidence was of such character as to influence and mislead the jury, and the court erred in admitting it. Patton vs. Ash, 7 Serg. & R., 125 ; Fleming's Executors vs. MacLane, 13 Pa. St., 177 ; Beasley vs. Crosby, 3 Bing., 430 ; Freeman vs. Kelly, Hoffman, 90 ; 3 Pick., 96.

The next question involved is that of the account of H. Robinson & Co., amounting to $83.70, against the defendant for paints, which the defendant claims he furnished one Bradbury, a painter, and that Bradbury used the paint upon the house built by plaintiff for him, defendant. Under the contract for the building of said house, the plaintiff was to furnish all the materials for the same. Bradbury had the job of painting the house, his contract being with the plaintiff, and he knew no one in the transaction but the plaintiff. There was no authority on the part of the defendant to furnish paint or anything else to Bradbury, and if he did so the plaintiff certainly was not, upon the evidence, legally liable therefor. The plaintiff, in his testimony, says he never authorized the defendant to furnish Bradbury with any paint, and that he warned the defendant not to do anything for Bradbury, expecting plaintiff to pay. This is not denied

by the defendant, but he says that he had no order from the plaintiff to let Bradbury have paint. And now, under what rule of evidence, or upon what principle, should the plaintiff be compelled to pay this bill of Robinson & Co. ? We know of none.

In arriving at their verdict, the jury must have allowed this item of $83.70 as a credit to the defendant, and in doing so they found against the evidence, or rather, without evidence, because there is none in the case to show that the defendant was entitled to this credit.

There are other alleged errors in the case, but as it will have to be reversed for the error mentioned above, we express no opinion in regard thereto.

Reversed.